**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| FREDERICK ALDINE BAIRD III, |
| Plaintiff, |
| v. |
| KEVIN HOLTON, |
| Defendant. |

Civil Action No. 10-0451 (BAH)
Judge Beryl A. Howell

## MEMORANDUM OPINION

The plaintiff in this case, Frederick Aldine Baird III, a Virginia resident, seeks return of a 20-gauge double barrel shotgun, 142 shotgun shells and other items seized from his car by a U.S. Capitol Police officer when the plaintiff was entering a U.S. House of Representatives parking lot to attend an evening reception. The plaintiff was arrested and charged with possession of an unregistered firearm and unlawful possession of ammunition. None of the seized items have been returned to the plaintiff. While conceding that the seizure was lawful,[1] the plaintiff now brings a *Bivens* claim against Capitol Police Officer Kevin Holton, who seized the shotgun and other items, alleging that the defendant's failure to return the seized items deprived the plaintiff of property without due process of law in violation of the Fifth Amendment. The plaintiff seeks monetary damages "not less than $100,000." The defendant has moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the defendant's motion to dismiss is granted.[2]

---

[1] Pl.'s Opp'n Mot. Dismiss, ECF No. 7, at 7 n.10 (acknowledging as "correct" that the plaintiff does not allege "that the seizure was improper or unconstitutional").

[2] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under the Constitution and "the district courts . . . have original jurisdiction of all civil actions arising under the Constitution,

## I.   BACKGROUND

On or about February 23, 2009, the plaintiff drove his truck into a House of

Representatives parking lot to attend an evening reception in a House office building.  Compl. ¶

6.  When he entered the lot, U.S. Capitol Police Officer Kevin Holton saw what he believed to be

a gun bag in the backseat of the plaintiff's truck, and asked if he could inspect it.  *Id*.  The

plaintiff consented to a search, which revealed an unloaded shotgun and ammunition.  *Id.*

According to the plaintiff, the previous day he had been lawfully hunting in Virginia and had left

the shotgun, ammunition, and other items in his truck.  *Id*. ¶¶ 5-6.  The defendant, Officer

Holton, seized "numerous items" from the plaintiff's truck, including the shotgun, and the

plaintiff was arrested and charged under District of Columbia law for possession of an

unregistered firearm and unlawful possession of ammunition.[3]  *Id.* ¶¶ 6-7.

On September 21, 2009, the plaintiff pled guilty in the Superior Court of the District of

Columbia to Attempted Possession of an Unregistered Firearm.  *Id.* ¶ 8.  The charge of unlawful

possession of ammunition was dropped, and the court did not order the plaintiff to forfeit any of

the seized property.  *Id.*  The following day, the plaintiff's attorney sent a letter to the defendant

requesting the return of the seized property.  *Id.* ¶ 9.  The plaintiff alleges that he has yet to

receive his seized property and that "no notice reasonably calculated to inform [him] of the

reasons [the defendant] held the property and of the means by which [the plaintiff] could

challenge [the defendant's] continued custody of the property has been received."  *Id.* ¶¶ 10-11.

---

laws, or treaties of the United States."  Venue is proper in this district under 28 U.S.C. § 1391(b), because all of the events giving rise to the claim occurred in the District of Columbia.

[3] According to the Property Record provided by the plaintiff, in addition to the shotgun and ammunition, the defendant seized the following items: spent shotgun shells and rifle casings, garden shears, binoculars, a tool bag, a knit cap, a pair of gloves, and gun oil. Pl.'s Opp'n Mot. Dismiss, ECF No. 7, Ex. 1, Property Record dated Feb. 23, 2009.

The plaintiff's one-count Complaint alleges that the defendant "deprived [the plaintiff] of property without due process of law by retaining, without notice and opportunity for a hearing, the property seized from him." *Id.* ¶ 15. Pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the plaintiff seeks at least $100,000 in damages for the defendant's alleged violation of the plaintiff's Fifth Amendment right not to be deprived of property without due process of law. *Id.* ¶¶ 14-16.

The defendant has moved to dismiss the Complaint, arguing, *inter alia*, that the Court should not recognize a *Bivens* remedy and that the defendant is protected by qualified immunity. Def.'s Mot. Dismiss, ECF No. 6, at 1. The Court agrees. Accordingly, the plaintiff's Complaint is dismissed.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); FED. R. CIV. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing *Twombly,* 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949, 1940. The court must "assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged."

*Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.,* 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotations and citations omitted).

## III.   DISCUSSION

Citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the plaintiff argues that he is entitled to an award "not less than $100,000" because the defendant allegedly deprived him of property without due process of law in violation of the Fifth Amendment of the United States Constitution.  Compl. ¶¶ 12-16.  The Court concludes that there is not a *Bivens* remedy for the defendant's alleged misconduct because alternate procedural and remedial schemes allow for the return of the plaintiff's property. Moreover, even if the plaintiff could maintain a *Bivens* claim, this case must be dismissed because the defendant is entitled to qualified immunity.

### A.  The Plaintiff May Not Assert A *Bivens* Claim Against The Defendant

In *Bivens*, the Supreme Court recognized a cause of action for damages against federal officials alleged to have violated a citizen's constitutional rights.  *Bivens,* 403 U.S. at 397.  The Court has cautioned, however, that "in most instances . . . a *Bivens* remedy [is] unjustified." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).  A *Bivens* remedy is not appropriate when there are "special factors counseling hesitation in the absence of affirmative action by Congress that require[] the judiciary to decline to exercise its discretion in favor creating damages remedies against federal officials."  *Wilson v. Libby*, 535 F.3d 697, 704-05 (D.C. Cir. 2008) (quoting *Spagnola v. Mathis*, 859 F.2d 223, 226 (D.C. Cir. 1988) and *Bivens*, 403 U.S. at 396) (internal quotation marks omitted).  One special factor is when "defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective."  *Carlson v. Green*, 446 U.S. 14,

18-19 (1980). A "remedial statute need not provide full relief to the plaintiff to qualify as a 'special factor.'" *Wilson*, 535 F.3d at 705.

The plaintiff asserts that the defendant confiscated his shotgun and has allegedly refused to return it in violation of the Fifth Amendment. For this alleged constitutional violation, he seeks a *Bivens* remedy. This case is closely analogous to *Leyland v. Edwards*, No. 10-cv-2327, 2011 WL 2750978 (D.D.C. July 6, 2011), which was recently decided in this court.[4] The plaintiff in *Leyland* was arrested by U.S. Park Police and charged with possession of two unregistered firearms and unlawful possession of ammunition. *Id.* at \*1. At the time of the arrest, the plaintiff's firearms, ammunition, and holsters were seized by the Park Police. *Id.* The plaintiff pled guilty to two counts of possession of unregistered firearms and the D.C. Superior Court did not order forfeiture of the seized property. *Id.* After the plaintiff's seized property was not returned, the plaintiff asserted a *Bivens* claim against the arresting officer. *Id.* The court dismissed the complaint, holding that a *Bivens* claim was inappropriate because a remedial scheme already existed for individuals seeking the return of seized property: namely, D.C. Superior Court Rule of Criminal Procedure 41(g).

Rule 41(g) provides that:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the Court for return of the property . . . on the ground that such person is entitled to lawful possession of the property. The Court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted and has become final[,] the property shall be returned to the movant.

D.C. Super. Ct. R. Crim. P. 41(g). In *Leyland*, the court held that "although concise, Rule 41(g) is a comprehensive scheme that provides a straightforward and adequate remedy – and one which avoids any constitutional deprivation." *Leyland*, 2011 WL 2750978, at \*2. Indeed, "the

---

[4] The Court notes that the plaintiff in *Leyland* shares the same counsel as the plaintiff in the instant suit.

proper remedy for seeking the return of [plaintiff's] property is to simply file a motion under

Rule 41(g)." *Id.*

The plaintiff in this case offers no explanation for why he has not availed himself of the

procedure set forth in Superior Court Rule of Criminal Procedure 41(g) to obtain return of the

seized items. Instead, he complains that the rule is "not a comprehensive system to administer

public rights put in place by Congress." Pl.'s Opp'n Mot. Dismiss, ECF No. 7, at 3; *see also*

Def.'s Reply, ECF No. 8, at 2 ("Plaintiff's opposition provides very little explanation for this

argument . . . he does nothing more than repeat that Rule 41(g) is not 'part of a comprehensive

remedial scheme.'"). The gravamen of plaintiff's Complaint appears to be that Rule 41(g) does

not provide for the "opportunity for a hearing, the fundamental mandate of the Fifth

Amendment." Pl.'s Opp'n Mot. Dismiss, ECF No. 7, at 4. This argument, as the defendant

states, is "puzzling" considering that Rule 41(g) does provide for process, including a hearing.

Def.'s Reply, ECF No. 8, at 3. Plaintiff's contention that "without a damages remedy under

*Bivens*, he has no remedy for being deprived of his property," Pl.'s Opp'n Mot. Dismiss, ECF

No. 7, at 5, is simply incorrect. The plaintiff may seek return of the property taken from him by

filing a motion pursuant to Rule 41(g).[5] There is no basis for creating a *Bivens* remedy when an

alternate remedial scheme plainly exists to rectify the defendant's alleged wrongdoing.[6] The

---

[5] The defendant also contends that an alternate remedial scheme exists under D.C. CODE § 22-4517, which directs an individual seeking return of seized weapons to file a claim with the Property Clerk of the Metropolitan Police Department. Relying on *Ford v. Turner*, 531 A.2d 233 (D.C. 1987), the plaintiff argues that this provision does not provide a constitutionally adequate means of challenging the government's seizure of property because it does not require appropriate notice. The Court need not resolve this issue because Rule 41(g) provides the plaintiff with a constitutionally adequate mechanism for obtaining return of his seized property.

[6] After full briefing on the defendant's motion to dismiss, the plaintiff filed with the Court a Notice of Supplemental Authority, ECF No. 9, in which he referenced *Razzano v. County of Nassau*, No. 07-cv-3983, 2011 WL 677594 (E.D.N.Y. Feb. 28, 2011), to support his contention that the plaintiff should have been afforded a post-deprivation hearing after the seizure of his gun. *Razzano* does little to support the plaintiff's case. In *Razzano*, the court held that Nassau County did not provide Mr. Razzano adequate post-deprivation procedures after impounding his weapons. That case has no application to the plaintiff's current *Bivens* claim because, as the defendant notes, the "[p]laintiff has yet to identify – and cannot identify – any obligation that Officer Holton had to provide Plaintiff with

Court therefore declines to recognize a *Bivens* remedy for the defendant's alleged wrongful deprivation of the plaintiff's property.

### B. The Defendant Is Entitled To Qualified Immunity

Even assuming, *arguendo,* that the plaintiff could maintain a *Bivens* claim, this case would still be dismissed because the defendant is entitled to qualified immunity.

The doctrine of qualified immunity "shields a government official from civil liability if his conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ali v. Rumsfeld,* No. 07-5178, 2011 WL 2462851, at \*4 (D.C. Cir. June 21, 2011) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *see also Doe v. Rumsfeld,* No. 08-cv-1902, 2011 WL 3319439, at \*12 (D.D.C. Aug. 2, 2011). To determine whether the defendant is entitled to qualified immunity, the court assesses whether: (1) the facts alleged by a plaintiff make out a violation of a constitutional right; and (2) the right at issue was 'clearly established' at the time of the defendant's alleged misconduct. *Jones v. Horne,* 634 F.3d 588, 597 (D.C. Cir. 2011) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001) and *Pearson v. Callahan,* 555 U.S. 223, 236 (2009)). Thus, even if the Court determines that the plaintiff's complaint alleges a constitutional violation, government officials may still be entitled to immunity unless they "knew, or were unreasonable in not knowing, that their behavior violated the Constitution." *Harris v. District of Columbia,* 932 F.2d 10, 13 (D.C. Cir. 1991); *see also Youngbey v. District of Columbia*, 766 F. Supp. 2d 197, 208 (D.D.C. 2011).

Here, the plaintiff alleges that the defendant lawfully seized a shotgun and other items from the plaintiff's truck after he attempted to enter a congressional parking lot with those items. Compl. ¶ 6. The plaintiff admits that he consented to a search of his car and was lawfully

---

the post-deprivation process he claims was his due." Def.'s Response to Pl.'s Notice of Suppl. Authority, ECF No. 10, at 2 (The plaintiff "argu[es] that there was something lacking in the post-deprivation hearings provided him, while ignoring the undisputed fact that [the defendant] was not responsible for providing him any such process.").

arrested under District of Columbia law for possessing an unregistered firearm and for unlawful possession of ammunition. *Id.* ¶¶ 6-8. Thus, as previously noted, the plaintiff does not contend that the defendant's initial seizure of the plaintiff's property was improper or unconstitutional. Pl.'s Opp'n Mot. Dismiss, ECF No. 7, at 7 n.10, 11. Rather, the plaintiff claims that the defendant's "retention of the property" and failure to respond to the letter requesting return of the property was unconstitutional. *Id.* at 11.

To be clear, the defendant's initial seizure of the plaintiff's items, as in *Leyland*, was proper because the defendant "correctly concluded that an unregistered firearm is contraband, and that an individual has no right to its return." *Leyland,* 2011 WL 2750978, at *3 (citing cases) (internal citations omitted). With regard to the defendant's "retention" of the property, under District of Columbia law the proper mechanism for the plaintiff to seek return of his property is through Superior Court Rule of Criminal Procedure 41(g). Under existing law at that time, the defendant was under no constitutional obligation to provide notice to the plaintiff of this Rule or to respond to the plaintiff's letter. *See id.* ("[I]f and when [the plaintiff] seeks the return of his property, the proper recourse is for him to move the court under Rule 41(g) —not demand the property's return from the Park Police property office."). Thus, the defendant could not have been aware, and it was certainly not clearly established, that he was under an obligation to return the plaintiff's property. *See Ali,* 2011 WL 2462851, at *4 (qualified immunity protects a government official from civil liability when his actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known," quoting *Harlow,* 457 U.S. at 818). Consequently, the defendant is entitled to qualified immunity.

**IV.    CONCLUSION**

The Court concludes that the plaintiff may not seek a *Bivens* remedy for the defendant's alleged seizure of the plaintiff's property.  Even if a *Bivens* claim did exist, the defendant is entitled to qualified immunity. Accordingly, the defendant's motion to dismiss is granted.  The plaintiff's Complaint is dismissed.  An Order consistent with this Memorandum Opinion will be entered.


**DATED: August 22, 2011**

/s/  *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge